## George Schweinfurth et al. v. Gustave Poehlman et al.

1. FINAL ORDER—*When an Order Confirming a Sale and Distribution of the Proceeds Is.* —An order confirming the sale and distribution of the proceeds of a judicial sale is a final order and can not be set aside on motion after the close of the term at which it is entered.

2. APPELLATE COURT PRACTICE—*Matters Not Cognizable on Appeal.* —The Appellate Court can not, on appeal from an interlocutory order, make any final disposition of the case.

Appeal from an Interlocutory Order of the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1899. Reversed. Opinion filed June 29, 1899.

S. O. CAVETTE, attorney for appellants; CHAS. S. CUTTING, of counsel.

FITCH & DUHA, attorneys for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

On a bill of review filed by appellees, Gustave and Paulina Poehlman, November 15, 1898, and amended December 30, 1898, a preliminary injunction without bond was issued February 14, 1899, by the Superior Court of Cook County, restraining A. F. Stevenson, master in chancery of that

court, from issuing a deed for the premises in question in this case until the further order of the court.

February 10, 1899, "on motion of the solicitor," but whose solicitor is not stated, Albert, Augusta, William F., Barbara and Tillie Henne, who were defendants to the original and amended bill, were made parties complainant to the amended bill, but no further amendments were made to the amended bill. March 14, 1899, the injunction was extended to George Schweinfurth, restraining him from taking out a deed from the master, and from in any way interfering with the complainants in the possession of the property in question.

From these orders Schweinfurth and Stevenson have appealed.

The bill and amended bill set out the proceedings in a foreclosure bill filed in the Superior Court of Cook County by E. S. Dreyer, trustee, and George Schweinfurth, *cestui que trust*, against all the appellees herein and others, and also the proceedings in a creditor's bill in the same court by said Schweinfurth against the appellees, the Poehlmans, and·others, for the purpose of obtaining satisfaction of a judgment of $3,359.40 in his favor and against said Poehlmans and others. The prayer of the bill and amended bill is, in substance, that the master's report of sale and distribution, and order confirming the same, be reviewed and set aside, that the master be enjoined from issuing his deed to Schweinfurth, the purchaser of the foreclosed premises, and that Schweinfurth be enjoined from taking out a deed to the premises.

The foreclosure cause, as appears from the allegations of the bill and amended bill, appears to have proceeded regularly to decree, except that Schweinfurth was allowed to prove up before the master to whom the case was referred, his judgment, without, so far as this record shows, any allegations in the pleadings in that case which would justify such proof. The appellees did not, by their answer in the foreclosure case, set up or claim any interest or estate of homestead in the premises in question, nor did they make

any such claim before the master or chancellor prior to the decree of sale. The cause was heard upon the bill, answer, replication and report of the master, and the court rendered a decree finding due to Schweinfurth, and secured by the trust deed sought to be foreclosed, the total sum of $3,127, and interest at five per cent on $2,977 from the date of the decree, which was declared to be a first lien on the premises in question; also finding due to said Schweinfurth the sum of $3,369.40 on his judgment against the appellees, Paulina Poehlman, Albert Henne and William F. Henne, and one Frederick Henne, also a defendant in the foreclosure case, which was declared to be a second lien on the same premises, and directing a sale of the premises by the master to pay the amount secured by the trust deed, and that if there was a surplus, to apply the same toward a satisfaction of Schweinfurth's judgment, and if anything remained, that it should be held subject to the order of the court.

It further appears from the same allegations, that the premises were sold by the master for $6,943.09 to Schweinfurth, and after paying the amount due under the trust deed of $3,186.10, there remained a surplus of $3,756.99, which was paid by the master to Schweinfurth on his judgment, leaving still due to him eleven cents. To this report of sale and distribution all the appellees herein filed objections November 24, 1897, among others, to the effect that they were each entitled to an estate of homestead in said premises, and that said surplus ordered to be paid to said Schweinfurth should be applied on account of the homestead rights and exemptions of appellees; that they were in possession of said premises, and claimed the same as their respective homesteads, and that their respective estates of homestead had in no way been assigned or allotted to them. No evidence in support of appellees' objections is set out in the bill, and we must presume there were none offered, and the chancellor, on December 11, 1897, confirmed the report of sale and distribution made by him.

December 31, 1897, and also February 3, 1898, appellees filed motions to set aside the sale and to sustain their

objections to the master's report of sale and distribution, and to set aside the order of December 11, 1897, confirming the same; and also, on February 14, 1898, filed their petition setting up, in substance, the same matters as stated in their objections to the master's report of sale and distribution, but set out in the bill no evidence produced to the court in support of their motions nor of their petition. The bill does not state what, if any, disposition was made by the court of these motions or of the petition, nor does it state whether or not there was any consolidation of the creditor's bill of Schweinfurth with the foreclosure bill, nor whether there was any pleading filed by Schweinfurth in the foreclosure case setting up his judgment, which was found by the court to be a second lien on the premises in question.

As there was nothing before the court by way of proof, so far as shown by the bill and amended bill, to sustain any of the objections of appellees to the master's report of sale and distribution, there was no error in the order of the court overruling such objections and confirming the sale and distribution made by the master.

In the absence of a showing that the court failed to proceed regularly in the foreclosure case, inasmuch as it is a familiar rule of pleading that a pleading must be construed most strongly against the pleader, this court is justified in presuming, and must assume for the purposes of this case, either that there was some order consolidating the creditor's bill with the foreclosure bill, or that there was some pleading filed by Schweinfurth in the foreclosure case setting up the judgment and making allegations which would justify the evidence before the master, and the decree of the court making the judgment a second lien on the premises in question, and providing for its payment out of any surplus arising from the sale under the foreclosure decree.

We have seen that the bill and amended bill fail to show that there was any evidence produced or offered before the court in support of either of the motions to set aside the sale and distribution, or of the petition to the same effect,

and therefore if they were overruled and denied, which is not shown, this would not constitute error. Moreover, the court could not properly allow the motion of February 3, 1898, nor grant the petition filed afterward, because the order confirming the sale and distribution was a final order, and the term of court at which it was entered had passed before this motion was made and before the petition was filed.

There being no error of fact shown in the order of the court in confirming the sale and distribution made by the master, and the appellees having failed to show by their bill and amended bill that they had any right of homestead which was presented to the chancellor and supported by proof on the hearing of objections to the master's report, there was no error of law in the court's order here sought to be reviewed and set aside, and the injunction should not have been granted. Ebert v. Gerding, 116 Ill. 224.

It is unnecessary for us to decide whether the allegations of the bill and amended bill are sufficient to show that appellees were entitled to estates of homestead in the premises in question, or in the surplus arising from the sale and foreclosure, as this question was not presented to the chancellor in the foreclosure case in such manner as would justify him in setting aside the sale and distribution. We can not, on appeal from an interlocutory order, make any final disposition of the case, as asked by appellants.

The remedy of appellees, if any, would seem to be by further amending their bill so as to show, if they can, that such facts were presented to the chancellor in the foreclosure case as would establish that the court erred in law in the application of those facts by the entry of the order in question, or by writ of error in the foreclosure case.

The order of injunction is reversed.